Michael E. GREEN, Appellant,

v. '

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 89–163.

United States Court of Veterans Appeals.

Submitted April 17, 1991.

Decided June 21, 1991.

Rick Surratt (non-attorney practitioner), was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and David W. Engel, were on the brief, Washington, D.C., for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge, filed the opinion of the Court, in which FARLEY, Associate Judge, joined.

MANKIN, Associate Judge, filed a dissenting opinion.

HOLDAWAY, Associate Judge:

This case concerns an appeal of a July 7, 1989, Board of Veterans' Appeals (BVA or Board) decision denying entitlement to service connection because appellant's psychiatric disability, diagnosed as paranoid schizophrenia, was not incurred in or aggravated during appellant's active duty for training or active duty in the Air Force. We affirm the Board's decision.

Appellant enlisted in the Air Force Reserve in June 1986 and was on active duty for training from July 1986 to November 1986. His enlistment physical showed no history of psychiatric disability or discharge from previous military service because of mental disability. In May 1987, appellant went on active duty as a jet mechanic with the Air Force.

On December 17, 1987, appellant was forcibly hospitalized after a violent episode. During his treatment, appellant revealed that he had been hospitalized during high school for treatment of a psychosis. Records of his treatment, beginning in 1977 up to May 1986, were obtained by the doctors. Appellant also revealed that he had previously been in the Army and was discharged for mental problems in 1979.

In January 1988, appellant went before a medical evaluation board which found that he suffered from "[p]aranoid schizophrenia, chronic, with acute exacerbation." The medical evaluation board also found that appellant's condition existed prior to service and was not aggravated by service. Appellant was found unfit for duty and was honorably discharged from the Air Force.

Appellant filed a claim for service connection for his psychiatric disability in June 1988. The Department of Veterans Affairs (VA) Regional Office denied his claim stat-

ing that the "[v]eteran's disability existed prior to service with no evidence of aggravation during service beyond natural progression." Appellant appealed this decision to the BVA. In his VA Form 1–9, appellant stated that although his illness existed prior to service, the Air Force knew about it and found him fit for duty on his entry into service. He also stated that the stress of military service had caused an increase in his disability.

The BVA decision was issued on July 7, 1989. The Discussion and Evaluation portion of the decision stated:

In the present case, the evidence of record reveals that prior to the appellant's periods of active duty and active duty for training he was hospitalized on several occasions due to the recurrence of psychotic symptoms. The principal diagnosis was deemed to be paranoid schizophrenia. Although under the cited laws and regulations an appellant will be considered to be in sound condition except for defects noted when examined and accepted for service, clear and unmistakable evidence that the disability manifested in service existed prior to service will rebut the presumption of soundness. The above-mentioned medical records along with the concessions made by the appellant clearly demonstrated that he suffered from a psychiatric disability prior to his entrance into service. During service the appellant underwent hospitalization due to the presence of psychotic symptoms which included delusions, agitated behavior and paranoid reaction. Clearly these recurrent psychiatric symptoms are consistent with his preservice psychiatric disability and they represent an acute exacerbation of this preservice disability.

In light of this foregoing, we are of the opinion that the appellant's psychiatric disability, diagnosed as paranoid schizophrenia, existed prior to his periods of service and did not increase in severity as a result of this service.

*Michael E. Green,* loc. no. 918794, at 4–5 (BVA July 7, 1989).

A timely appeal to this Court followed.

## ANALYSIS

For the purposes of veteran's compensation, "every veteran shall be taken to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination ... or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service." 38 U.S.C. § 311 (1988); 38 C.F.R. § 3.304(b) (1990).

■ A BVA finding that a veteran's disease did not worsen in service is a finding of fact. *Hunt v. Derwinski,* 1 Vet.App. 292, 293 (1991). This Court reviews factual determinations of the BVA under the "clearly erroneous" standard of 38 U.S.C. § 4061(a)(4) (1988). "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

■ In this case, there is no notation on the appellant's induction exam indicating that he had psychiatric problems or had been previously discharged from a branch of the military because of those problems. He was then entitled to the presumption of soundness noted above. However, the BVA finding that the "presumption of soundness" was rebutted by "clear and unmistakable evidence" consisting of appellant's own admissions of a prior psychiatric disorder and his medical records of hospitalizations for a psychiatric disorder which occurred prior to his entry into the Air Force is clearly correct.

■ The only question remaining is whether appellant's illness was aggravated by service. "Aggravation in service" is defined in 38 U.S.C. § 353 (1988): "A preexisting injury or disease will be considered to have been aggravated by active

... service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease." *See* 38 C.F.R. § 3.306(a) (1990) (aggravation of preservice disabilities); *Hunt,* 1 Vet.App. 296.

Appellant claims that his condition at entry into the Air Force should be considered the baseline against which his condition on discharge should be measured. Appellant's mental disease was apparently in remission when he was on active duty for training and when he entered the regular Air Force. Because he was discharged as unfit for duty after hospitalization because of his mental disease, appellant claims his condition had necessarily worsened.

"Temporary or intermittent flare-ups of a preexisting injury or disease are not sufficient to be considered 'aggravation in service' unless the underlying condition, as contrasted to symptoms, is worsened." *Hunt,* 1 Vet.App. at 297. This means that the baseline against which the BVA had to measure any worsening of appellant's psychiatric disability in this case was the appellant's psychiatric disability as shown in all of his medical records, not on the happenstance of whether he was symptom-free when he enlisted in the Air Force.

In this case, the Board had records of appellant's hospitalizations, symptoms, and diagnoses made prior to his service in the Air Force to compare with the records of his hospitalization in 1987. The BVA's finding of fact that the appellant's "psychiatric disability did not increase in severity as a result of [his] service" is plausible and supported by the clinical description in the medical records of appellant's condition before entry into service and during his hospitalization in the Air Force. The symptoms described in the medical reports prior to his service are strikingly similar to the symptoms described in his service medical records.

Accordingly, the July 7, 1989, BVA decision in this case is AFFIRMED.

MANKIN, Associate Judge, dissenting.

It is with greatest respect that I dissent from my learned colleague's opinion.

The majority does not consider whether the decision here under review is adequately supported by reasons or bases. In effect, the majority holds that "reasons or bases" amounting to little more than that appellant loses, are sufficient under 38 U.S.C. § 4004(d)(1) (1988) and *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Because I believe that the character of the Board of Veterans' Appeals (BVA) findings is inadequate to allow meaningful judicial review, I dissent.

I would have thought that the need for strict adherence to the reasons or bases requirement was by now firmly ingrained in the Court's jurisprudence. Perhaps some of the advantages of this requirement bear repeating. The most obvious advantage, and what is lacking in the present case, is that reasons or bases inform the veteran and this Court how the BVA arrived at its ultimate decision. In addition, this requirement is the best way to avoid carelessness by the BVA. *See United States v. Forness,* 125 F.2d 928, 942 (2d Cir.1942) *cert. denied,* 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).

The reasoning of the BVA with regard to aggravation is contained exclusively in the following sentences:

> During service the appellant underwent hospitalization due to the presence of psychotic symptoms which included delusions, agitated behavior and paranoid reaction. Clearly these recurrent psychotic symptoms are consistent with his preservice psychiatric disability and they represent an acute exacerbation of this disability.

> In light of the forgoing, we are of the opinion that the appellant's psychiatric disability ... did not increase in severity as a result of this service.

*Michael E. Green,* loc. no. 918794, at 5 (BVA July 7, 1989). It is simply not possible from those statements to affirm the BVA's decision without resort to speculation. In substance the only information

these statements convey is that the BVA concluded that appellant's condition was not aggravated. This is merely a rephrasing of the finding at issue. The BVA's error in this case may have prejudiced the veteran. There is no dispute that schizophrenia can be aggravated; the Secretary has established six levels of disability for "Schizophrenia, paranoid type." 38 C.F.R. § 4.132, Diagnostic Code 9203 (1990). There is evidence that appellant's condition did deteriorate as a result of service (*see* R. at 42), thus presenting questions of evidence that we should not resolve initially on appeal. Indeed, the majority may have misunderstood the medical issue: it is not the quality of appellant's symptoms which is primarily at issue but rather the frequency of those symptoms. Appellant claims he suffers recurrences more frequently now than prior to service. Appellant's Br. at 13–14.

If the Court decides that its role is merely to search the record for some plausible basis to support global findings, not only will we have failed in our responsibilities, but we will encourage the type of vague BVA decisions which are all too common. Although our role is limited, we must insist that the decisions which we review allow us to comply with the role mandated by the Congress. *Cf. Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir.1987) (federal courts must not "act as automatons" in reviewing the decisions of the Secretary of Health and Human Services). I am aware that the BVA has a large volume of cases, but in view of the serious nature of the claims involved, it does not seem too much to insist that the BVA inform the veteran and this Court as to the reasons or bases which underlie its decision. 38 U.S.C. § 4004(d)(1). Accordingly, I would vacate the BVA decision and remand the case to the BVA.