**Elsie S. CARIAGA, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–71.**

United States Court of Veterans Appeals.

Aug. 12, 1993.

Elsie S. Cariaga, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

MANKIN, Judge:

Appellant, the widow of veteran Gregorio S. Cariaga, appeals a March 26, 1990, Board of Veterans' Appeals (Board or BVA) decision which denied appellant's application, pursuant to 38 U.S.C.A. § 1151 (West 1991), for dependency and indemnity compensation (DIC) benefits. The Secretary of Veterans Affairs (Secretary) filed a motion for remand to allow the BVA to consider appellant's claim in light of this Court's holding in *Gardner v. Derwinski,* 1 Vet.App. 584 (1991). Appellant filed a response opposing the Secretary's motion. On April 6, 1993, the Court ordered the Secretary to inform the Court whether or not the Veterans Memorial Medical Center in Quezon City, Philippines is a Department of Veterans Affairs facility and thereby subject to application of 38 U.S.C.A. § 1151 (West 1991). The Secretary filed a response on May 17, 1993, which, although

elusive, we deem to be in the affirmative. The Court denies the Secretary's motion for remand and affirms the decision of the Board.

The veteran served in the United States Army from September 10, 1941, to June 30, 1946. (R. at 16). He was first diagnosed with renal cell carcinoma in June 1986. (R. at 83–84). The veteran died on February 16, 1987, while hospitalized at the Veterans Memorial Medical Center in Quezon City, Philippines. The death certificate lists the cause of death as cardio-pulmonary arrest due to hepatic renal syndrome and renal cell carcinoma with liver metastasis. (R. at 101). At the time of the veteran's death, he was not service-connected for any disability; however, he was in receipt of non-service-connected disability pension. (R. at 118).

█ In order for appellant to be awarded DIC benefits, it must be shown that the veteran died from a service-connected or compensable disability. 38 U.S.C.A. § 1310(a) (West 1991). Appellant argues that service connection should be granted under the provisions of section 1151 because the veteran's death occurred while he was undergoing surgery or treatment at a VA administered hospital. Section 1151 states in pertinent part:

> Where any veteran shall have suffered an injury or an aggravation of an injury as the result of hospitalization, medical or surgical treatment, or the pursuit of a course of vocational rehabilitation ... not the result of the veteran's own willful misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation ... shall be awarded in the same manner as if such disability, aggravation, or death were service-connected.

In *Gardner*, the Court held that 38 C.F.R. § 3.358(c)(3), which indicated that compensation was not payable absent a showing of fault on the part of the Department of Veterans Affairs (VA), exceeded the Secretary's statutory authority and violated the statutory rights granted to veterans by Congress under section 1151. 1 Vet.App. at 588. The Board's decision relies, in part, on its finding that the "death of the veteran due to accident or carelessness, negligence, lack of proper skill, error in judgement, or other instances of indicated fault on the part of the [VA] has not been demonstrated." *Elsie S. Cariaga,* BVA 89–25271, at 4 (Mar. 26, 1990). As the Secretary correctly points out in his motion for remand, this determination is based upon the invalidated language of 38 C.F.R. § 3.358(c)(3). Generally, a BVA decision that is grounded in a regulation that has been held invalid is vacated and the case remanded for readjudication under the proper statutory standard. Here, however, readjudication is not necessary. *Look v. Derwinski,* 2 Vet.App. 157, 161 (1992).

█ The only issue which the Court must consider in this case is whether the BVA's factual determination that the veteran's death was not caused by an injury or aggravation of an injury as the result of hospitalization constituted clear error. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The Court reviews factual determinations of the BVA under the "clearly erroneous" standard of 38 U.S.C.A. § 7261(a)(4) (West 1991); *Green v. Derwinski,* 1 Vet. App. 320, 322 (1991); *Gilbert,* 1 Vet.App. at 52–53. "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Green,* 1 Vet.App. at 322 (quoting *Gilbert,* 1 Vet.App. at 53). After a review of the record we are satisfied that there is a plausible basis for the Board's decision. *See Gilbert.* Accordingly, the decision of the BVA is AFFIRMED.