Citation Nr: 1518702 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 08-32 897 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to service connection for residuals of repair of anterior cruciate ligament (ACL) tear of the right knee. 


REPRESENTATION

Appellant represented by: John S. Berry, Attorney


ATTORNEY FOR THE BOARD

A. Fagan, Counsel



INTRODUCTION

The Veteran served on active duty from April 1984 to December 1992 with three months and 15 days prior active service. He also had additional service in the Air National Guard. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

This matter was previously before the Board in June 2010 and September 2011, at which times it was remanded. In April 2013, the Board denied the claim. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In August 2014, the Court issued a Memorandum Decision, which set aside the April 2013 Board decision, and remanded the matter for further adjudication.

The Board notes the issue in prior Board decisions was previously phrased as entitlement to service connection for residuals of a repair of the lateral meniscus and anterior cruciate ligament of the right knee, then as right knee ligament disorder. However, as noted and discussed in an August 2010 rating decision, the tear of the lateral meniscus is listed on the code sheet as service connected. Accordingly, the Board has rephrased the issue to more accurately reflect the issue presently on appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In an August 2014 memorandum decision, the Court determined that in its April 2013 decision, the Board relied on an inadequate VA examination that did not comply with prior remand directives to deny the Veteran's current right knee ligament disorder claim. It appears the Court was also dismayed that diagnostic testing other than an x-ray was not accomplished to assess whether the Veteran had a current right knee ligament disorder, noting that x-ray "does not appear to be testing that can confirm the existence of a ligament disorder in the knee." Thus, remand is necessary to provide the Veteran with an adequate examination.

With respect to whether a condition was aggravated by service, a temporary or intermittent flare-up of a preexisting disease does not constitute aggravation. Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991); Green v. Derwinski, 1 Vet. App. 320, 323 (1991). In order to support a finding of aggravation, the evidence must establish that the underlying disability underwent an increase in severity; the occurrence of symptoms, in the absence of an increase in the underlying severity, does not constitute aggravation of the disability. Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002); 38 C.F.R. § 3.306(a) (2014). If the disorder becomes worse during service and then improves due to in-service treatment to the point that it was no more disabling than it was at entrance into service, the disorder has not been aggravated by service. See Verdon v. Brown, 8 Vet. App. 529 (1996). 

On remand, relevant ongoing treatment records relating to the right knee should be obtained. 38 U.S.C.A. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992). 

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to provide the names, addresses, and approximate dates of treatment of all health care providers who have recently treated him for his right knee. After securing any necessary releases, the AOJ should request any records identified which are not duplicates of those contained in the claims file. VA treatment records dating since September 2012 should also be obtained. If any requested records are unavailable, then the file should be annotated as such and the Veteran should be so notified.

2. After the above development is completed to the extent possible, schedule the Veteran for a VA knee examination to determine whether the Veteran suffers from any current residuals of the pre-existing ACL tear (now post-operative) and if so, to obtain opinions relevant to the claim for service connection for the condition. The Veteran's claims file must be reviewed by the examiner in conjunction with the examination. All tests deemed necessary should be accomplished, to include conducting appropriate diagnostic imaging for identifying ligament disability (e.g MRI), unless contraindicated or otherwise deemed inappropriate. If diagnostic imagining (other than x-ray) is not accomplished, the examiner should explain why such was not necessary and/or contraindicated. 

Following a review of the claims file, the examiner must respond to the following:

a. Please state whether the Veteran has any residuals of the post-operative ACL tear of the right knee treated in service at any time since filing his claim for benefits in December 1993. If so, the examiner should identify the symptoms, if any, that are attributable to the post-operative ACL tear. 

b. If the Veteran has residuals of the post-operative ACL tear, the examiner should provide an opinion as to whether the ACL tear that existed prior to service underwent a permanent worsening during service. In rendering this opinion the examiner should indicate the impact of the in-service surgery on the ACL tear. 

c. If the pre-existing ACL tear was permanently worsened during service, the examiner should provide an opinion as to whether that permanent worsening was clearly the result of the natural progression of the disorder (versus being the result of in-service events). 

d. A complete rationale for all opinions must be provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

3. After the above has been completed to the extent possible and any other development deemed necessary accomplished, the expanded record should again be reviewed. If the claim remains denied, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).