Citation Nr: 1719106 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 11-14 014 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to service connection for bilateral pes planus (flat feet). 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Kutrolli, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 2000 to August 2003.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a
December 2010 rating decision of the Department of Veterans Affairs (VA)
Regional Office (RO) in Hartford, Connecticut.

In June 2014, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for further development. The record reflects substantial compliance with the remand directives. Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (citing Stegall v. West, 11 Vet. App. 268, 271 (1998) (conferring upon an appellant the right to substantial compliance with the Board's order)).


FINDING OF FACT

The Veteran's preexisting flat feet were not aggravated by active service. 


CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for flat feet have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.306 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Service Connection for Flat Feet

The Veteran seeks entitlement to service connection for flat feet. Flat feet was noted upon entry and the Veteran conceded that her condition preexisted active service. Statement of Accredited Representative in Appealed Case 3 (Sept. 23, 2013) ("the veteran contends her military service aggravated her pre-existing condition beyond its normal progression."). In order to warrant service connection for a disability that preexisted service, there must be evidence that the disability was actually aggravated during service. Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Aggravated means permanently worsened beyond normal progression. Evidence of a veteran being asymptomatic on entry into service, with an exacerbation of symptoms during service, does not constitute evidence of aggravation. See Green v. Derwinski, 1 Vet. App. 320, 323 (1991); Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991); Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002) ("Evidence of a temporary flare-up, without more, does not satisfy the level of proof required"). Here, the only issue is whether the Veteran's flat feet were permanently worsened beyond natural progression during service. After reviewing the record, the Board finds that service connection is not warranted. 

As an initial matter, the Board emphasizes that, after the June 2014 Remand, the AOJ provided the Veteran with a VCAA development letter and release form requesting the facilities at which the Veteran received treatment for her flat feet, particularly before January 2007. This effort could have provided critical evidence to support the Veteran's claim, but she failed to respond. It is well settled that the duty to assist is not a one-way street. Hayes v. Brown, 5 Vet. App. 60, 68 (1993) (citing Wood v. Derwinski, 1 Vet. App. 190, 193 (1991)) (holding that appellants are obligated to cooperate and assist the VA in developing evidence); Wamhoff v. Brown, 8 Vet. App. 517, 522 (1996). "If a veteran wishes help, [s]he cannot passively wait for it in those circumstances where [s]he may or should have information that is essential in obtaining the putative evidence." Hayes, 5 Vet. App. at 688. As in all cases, "[the] claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary," 38 U.S.C. § 5107(a), and she must accept the legal consequences for her failure to cooperate and assist. 

Here, the record does not show that the Veteran's flat feet worsened in severity during service. The evidence shows that, during the Veteran's active service (Sept. 2000 - Aug. 2003), the only complaint or treatment for flat feet was in July 2002, at which time the Veteran was 12 weeks pregnant and requested a "soft shoe profile." The assessment was pregnancy. 

After separation, the next complaint or treatment for flat feet was in January 2010. Shortly thereafter, on June 8, 2010, a VA examiner noted that an x-ray of the Veteran's feet were normal. Then, in August 2014, another VA examiner opined that, given the lack of complaints/treatment in service and for seven years thereafter, it was less likely than not that the Veteran's flat feet condition was aggravated by service. Altogether, the evidence indicates that her flat feet did not worsen in severity for many years after leaving active service. 

The Board acknowledges the Veteran's statements that her condition worsened in service; however, her lay testimony is outweighed by other probative evidence of record. Between separation and January 2010, the Veteran repeatedly sought treatment for many other conditions, including chronic back pain and bronchitis, but did not seek treatment for her flat feet. 

While the Veteran stated that she sought treatment as early as 2005 for her flat feet, the record does not support her lay testimony. Indeed, the West Haven, Connecticut VA Medical Center noted it does not have any record of treatment prior to January 2007. Given the Veteran's aptness to seek medical treatment for a variety of other medical issues during this period, the absence of supporting medical evidence for more than seven years weighs against her lay testimony of aggravation. See Maxson v. West, 12 Vet. App. 453, 459 (1999) (explaining that the Board may consider the length of time between in-service and post-service complaints and/or treatment in assessing credibility and weight); Madden v. Gober, 125 F.3d 1477, 1480-81 (Fed. Cir. 1997) (noting that the Board is entitled to discount the credibility and weight of evidence in light of its own inherent characteristics and relationship to other evidence); Caluza v. Brown, 7 Vet. App. 498, 512 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996) (per curiam) (upholding Board's credibility finding given the internal inconsistencies of the veteran's lay statements). 

Finally, the Board cannot ignore the fact that the Veteran did not submit a claim for flat feet until August 2010, despite submitting a claim for a low back disability in January 2007. If the Veteran's flat feet worsened in service, there seems to be no reason why she did not identify that in her January 2007 claim. 

For these reasons, the Board finds that the preponderance of the evidence is against the claim. As such, the benefit of the doubt rule is inapplicable. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). Therefore, the claim for entitlement to service connection for flat feet must be denied. 

II. VA's Duties to Notify and Assist

The record shows that VA fulfilled its duties to notify and assist as required by the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). VA sent the Veteran a VCAA letter in August 2010. Neither the Veteran nor her representative has alleged insufficient notice in this case. The Veteran was afforded a VA medical examination, and her in-service and post-service treatment records were also obtained. The Veteran has not identified any additional outstanding evidence which could be obtained to substantiate her claim, and the Board is unaware of any such evidence.

Lastly, pursuant to the June 2014 Remand, VA obtained a medical opinion addressing whether the Veteran's preexisting condition was aggravated by service. Thus, substantial compliance has been shown. See Dyment, 13 Vet. App. at 146-47. 

ORDER

Entitlement to service connection for bilateral pes planus is denied


JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs