﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190124-1897
DATE: July 31, 2020

ORDER

Entitlement to service connection for a seizure disorder is denied.

FINDING OF FACT

Clear and unmistakable evidence demonstrates that a seizure disorder preexisted the Veteran’s active service and was not aggravated during service beyond the normal progress of the disorder.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a seizure disorder have not been met. 38 U.S.C. §§ 1110, 1111, 1112, 1137, 5107; 38 C.F.R. §§ 3.303, 3.304, 3.306.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the Marines from March 4, 1975 to March 20, 1975. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO), on a direct review under the Appeals Modernization Act (AMA).

A rating decision was issued under the legacy system in September 2016. In June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in November 2018, which is the decision on appeal. In the January 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in. 38 C.F.R. § 20.301.

Entitlement to service connection for a seizure disorder

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden element is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d).

The Veteran contends that a pre-existing seizure disorder was aggravated by his period of active service.

Every veteran is presumed to have been in sound condition at entry into service except as to defects, infirmities, or disorders noted at the time of such entry, or where clear and unmistakable evidence demonstrates that the injury or disease existed before entry and was not aggravated by such service. 38 U.S.C. § 1111. The term noted in 38 U.S.C. § 1111 refers to only such conditions as are recorded in examination reports. 38 C.F.R. § 3.304(b).

A pre-existing disease or injury will be considered to have been aggravated by military service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(a).

When no preexisting condition is noted upon entry into service, the veteran is presumed to have been sound upon entry. The burden then falls on the government to rebut the presumption of soundness by clear and unmistakable evidence that the veteran’s disability was both preexisting and not aggravated by service. The government may show a lack of aggravation by establishing that there was no increase in disability during service or that any increase in disability [was] due to the natural progress of the disability. 38 U.S.C. § 1153. If this burden is met, then the veteran is not entitled to service-connected benefits. Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(b); Falzone v. Brown, 8 Vet. App. 398, 402 (1995).

A preexisting disease or injury will be presumed to have been aggravated by service only if the evidence shows that the underlying disability underwent an increase in severity. Townsend v. Derwinski, 1 Vet. App. 408 (1991); 38 C.F.R. § 3.306(a). In contrast, a flare-up of symptoms, in the absence of an increase in the underlying severity, does not constitute aggravation of the disability. Hunt v. Derwinski, 1 Vet. App. 292, 296-97 (1991). Evidence of the veteran being asymptomatic on entry into service, with an exacerbation of symptoms during service, does not constitute evidence of aggravation. Green v. Derwinski, 1 Vet. App. 320, 323 (1991). If the disorder becomes worse during service and then improves due to in-service treatment to the point that it was no more disabling than it was at entrance into service, the disorder is not presumed to have been aggravated by service. Verdon v. Brown, 8 Vet. App. 529 (1996).

The Veteran’s service treatment records include a February 1975 Report of Medical Examination for enlistment noting a normal neurological system. On the accompanying Report of Medical History, the Veteran responded “No” when asked if he experienced dizziness or fainting spells, or “epilepsy or fits.” 

After review of the above, the Board finds that the presumption of soundness attaches. Here, upon examination at entrance, the Veteran was not noted to have a seizure disorder or any neurological disability. As a seizure disorder was not noted on the entrance examination, the Veteran is entitled to a presumption of soundness. Accordingly, the Board must determine whether, under 38 U.S.C. § 1111, the presumption of soundness is rebutted by clear and unmistakable evidence. The burden of proof is on VA to rebut the presumption by producing clear and unmistakable evidence both that a disability existed prior to service and that it was not aggravated during service. See Wagner v. Principi, 370 F 3d 1089 (Fed. Cir. 2004); VAOPGCPREC 3-03 (July 16, 2003).

After reviewing the evidence of record, the Board finds, first, that the Veteran’s seizure disorder clearly and unmistakably preexisted service. The Veteran’s service treatment records include a March 17, 1975, Medical Board report indicating that the Veteran had a seizure that existed prior to service. The Veteran also asserts that his seizure disorder pre-existed service. Indeed, on his January 2017 Notice of Disagreement, the Veteran indicated that he had experienced seizures as a child but had not had any seizures for eight years prior to service, when he reported having two seizures during basic training. On his December 2017 VA Form 9, the Veteran again reported that his seizure disorder was pre-existing and the Marine Corps was aware of the condition upon entrance. Therefore, the Board finds clear and unmistakable evidence that the Veteran’s seizure disorder clearly and unmistakably preexisted service.

The evidence also demonstrates that the Veteran’s seizure disorder clearly and unmistakably was not aggravated by service. While the Veteran was in service, he was treated in March 1975for complaints of what was identified as a “congenital” seizure disorder, which he stated began at age 12. At that time, he was prescribed medication. On a March 1975 Medical Board report, the Veteran was noted to state that his seizures began at age 12 and that he did not reveal the existence of the seizure disorder to his entrance examiner. The examiner noted in this report that the Veteran reported his seizures during his third day of basic training; there is no indication, however, that he experienced any seizures during his brief time in service. The Medical Board concluded that the Veteran’s seizure disorder that was neither incurred in nor aggravated by service. 

The AOJ obtained a VA medical opinion concerning the Veteran’s seizure disorder in August 2016. The examiner reviewed the claims file and specifically discussed the Veteran’s service treatment records in concluding that his seizure disorder clearly and unmistakably both pre-existed his service and was not aggravated thereby. In so finding, the examiner noted the March 1975 Medical Board report documenting the Veteran’s report that he had experienced seizures since age 12, well prior to his entry into service, and “did not reveal his history” to the entrance examiners. Additionally, the examiner noted that the Veteran’s service treatment records offered “no evidence” that the Veteran had a “witnessed seizure during the brief time he was in the military.” Based on the examiner’s review of the claims file, she opined that the Veteran’s claimed seizure disorder clearly and unmistakably existed prior to service and was not aggravated beyond its natural progression by an in-service injury, event, or illness.

The Veteran has indicated that his seizure disorder was aggravated during his brief time in service. The Veteran is clearly competent to testify to symptoms of seizures that he experienced in service as such facts are within his personal observation. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (lay witnesses are competent to testify to features or symptoms of an injury or illness); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, his perception of the effect of his in-service duties on the aggravation of his seizure disorder must be viewed in light of the medical evidence of record.

In this context, the most probative evidence consists of the VA examiner’s opinion, which found that the Veteran’s seizure disorder clearly and unmistakably pre-existed service and was not aggravated during active service. The examiner considered the medical record, including the lack of indication of any seizures during the Veteran’s brief period of service to indicate aggravation, and the Veteran’s statements regarding his symptomatology. Based on a thorough review of the claims file, a history reported by the Veteran, and sound medical principles, the examiner reached the conclusion that his seizure disorder clearly and unmistakably both pre-existed service and was not aggravated by service. The examiner’s opinion contains clear conclusions supported by a reasoned analysis, and is thus found highly probative. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). In light of the well-reasoned opinion of a VA medical professional, the Board finds that the lay evidence is outweighed by this medical evidence of record.

In summary, the preponderance of the evidence weighs against finding in favor of the Veteran’s service connection claim for a seizure disorder. Therefore, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. N. Wilson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.